UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § CRIMINAL NO. 4:20-CR-26-4 |
| | § |
| | § |
| KHALID ABDULAZIZ | § |

**GOVERNMENT'S MOTION IN OPPOSITION
TO DEFENDANT'S MOTION FOR PERMISSION TO APPEAL**

The United States of America, by and through the United States Attorney for the Southern District of Texas, Jennifer B. Lowery, and the undersigned Assistant United States Attorney, respectfully submits this Motion in Opposition to Defendant's Motion for Permission to Appeal. Abdulaziz's Motion for Permission to Appeal should be dismissed for lack of jurisdiction. Abdulaziz was sentenced on July 20, 2022 (Dkt. Entry No. 726). He subsequently filed a "Motion for Permission to Appeal" seeking to alter his appeal waiver in the plea agreement. On August 2, 2022, he filed a notice of appeal. (Dkt. Entry No. 751).

I.

**THE NOTICE OF APPEAL DEPRIVES THE DISTRICT COURT OF JURISDICTION**

Abdulaziz's notice of appeal deprives this court of jurisdiction over this case. *United States v. Mulderig*, 120 F.3d 534, 539-40 (5th Cir. 1997) (citing *Crain v. United States,* 508 U.S. 915, 113 S.Ct. 2354, 124 L.Ed.2d 262 (1993)); *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously[. Thus, t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of

appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (citations omitted).

In any event, the District Court lacks authority to modify the terms of defendant's appeal waiver after sentence is imposed. *See United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (The district court's jurisdiction to modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582) (citing *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir. 1997); *United States v. Early*, 27 F.3d 140, 141–42 (5th Cir. 1994)).

Nor can Abdulaziz withdraw his plea of guilty (or plea agreement) after sentence is imposed. His "plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). The Fifth Circuit has consistently held that a post-sentencing motion to withdraw guilty plea is unauthorized and lacks jurisdictional basis. *United States v. Mulder*, 606 F. App'x 137 (5th Cir. 2014) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)); *United States v. Vasquez*, 121 F. App'x 17, 18 (5th Cir. 2004) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)).

Notwithstanding that sentence has been imposed, the District Court also lacks authority to modify or alter the terms of the appeal waiver once it has accepted the plea agreement. *United States v. Serrano-Lara*, 698 F.3d 841, 844-45 (5th Cir. 2012); *United States v. Lira-Miranda*, 606 F. App'x 139 (5th Cir. 2014); "'Having approved the plea agreement, the district court had no more right to change its terms than it would have to change the terms of any other contract.'" *Serrano-Lara*, 698 F.3d at 844 (quoting *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)); Once the court has accepted the plea agreement, it does not "have the option to perform a judicial line-item veto, striking a valid appeal waiver or modifying any other terms." *Serrano-Lara*, 698 F.3d at 844-45.

## II.

### ABDULAZIZ MISREPRESENTS THE LANGUAGE OF HIS APPEAL WAIVER

Importantly, in requesting permission to appeal his sentence, Abdulaziz misrepresents the plain language of his appeal waiver by omitting the entirety of the terms. Paragraph 5 of the plea agreement states:

> Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

Abdulaziz erroneously argues that the terms of the plea agreement allow him to appeal aspects of his sentence as long as he obtains permission by this court to do so. He quotes the above provision but leaves out a key part. The plea agreement states: "Defendant knowingly and voluntarily waives the right to appeal . . . the conviction and sentence, except that Defendant does not waive the right to raise an ineffective assistance of counsel claim on direct appeal, if otherwise permitted. . ." The phrase "if otherwise permitted" relates solely to an ineffective assistance claim on appeal. Applying the plain and ordinary meaning of the phrase, Abdulaziz is not prohibited from raising an ineffective assistance of counsel claim on appeal "if otherwise permitted."

The "if otherwise permitted" phrase is predicated on the general rule that the Fifth Circuit will not address ineffective assistance of counsel claims for the first time on appeal except in rare cases. *See United States v. Delagarza-Villarreal*, 141 F.3d 133, 141 (5th Cir. 1997). The Court

grants an exception "only in rare cases where the record allow[s] [the Court] to fairly evaluate the merits of the claims." *Id*. (internal quotation and marks omitted); *accord United States v. Robinett*, 832 F. App'x 261 (5th Cir. 2020). Hence, the phrase "if otherwise permitted" refers to the Fifth Circuit permitting an ineffective assistance of counsel claim on direct appeal.

Indeed, the Fifth Circuit has consistently enforced appeal waivers that reserve only the right to appeal an ineffective assistance of counsel claim. *See United States v. Strother*, 977 F.3d 438, 442 (5th Cir. 2020); *United States v. Urias-Arianas*, 327 F. App'x 468, 469-70 (5th Cir. 2009); *United States v. Velasquez*, 215 F. App'x 337, 338 (5th Cir. 2007). To interpret the waiver provision to allow Abdulaziz to appeal all aspects of his sentence as long as he gets permission by the district court would strip the waiver provision of its ordinary meaning and any force whatsoever.

### III.
### ABDULAZIZ'S REQUEST TO BE RELEASED FROM APPEAL WAIVER IS WITHOUT MERIT

Moreover, Abdulaziz's request for permission to be released from the appeal waiver is based on meritless reasons. He does not argue that his guilty plea or plea agreement are invalid or that they were entered unknowingly or involuntarily. Rather, he argues he should not be bound by his appeal waiver because he did not know what sentence he would receive when he entered the plea agreement, and his objections to his sentence are worthy of appellate review.

These arguments apply to most defendants who agree to waive an appeal challenging their sentence. Indeed, Abdulaziz agreed to the appeal waiver knowing that a sentence had not yet been determined by the Court, and that the Court did not have to follow the calculated guideline range

or any recommendation by the parties. (See Plea Agreement, ¶ 6). Abdulaziz was advised and understood the maximum statutory penalty he faced on each count to which he pled guilty. (Plea Agreement, ¶¶ 1-2).

The Fifth Circuit has consistently enforced appeal waivers under these circumstances. *See United States v. Tolliver*, 2022 WL 881756, *1 (5th Cir. March 24, 2022) ("We have long enforced presentencing appellate waivers when, as here, the defendant was aware of the maximum term of imprisonment, knew that sentence selection was within the purview of the district court, and understood that the district court had discretion to depart from the guidelines recommendation.") (citing *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992)); *United States v. Narvaez*, 452 F. App'x 488, 490 (5th Cir. 2011) ("[W]aiving the right to appeal necessarily entails accepting an 'unknown and unannounced' . . . sentence") (internal quotation and marks omitted); *cf. United States v. Barnes*, 953 F.3d 383, 387-88 (5th Cir. 2020).

## IV

## CONCLUSION

For the above reasons, Abdulaziz's motion should be dismissed for lack of jurisdiction. The United States will seek enforcement of Abdulaziz's appeal waiver on appeal.

Respectfully submitted,

Jennifer B. Lowery
United States Attorney

BY:   */s/ Jennifer Stabe*
Jennifer Stabe
Assistant United States Attorney
Telephone: 713-567-9711

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Motion in Opposition to Defendant's Motion for Permission to Appeal was emailed to the Defendant's attorney on this the 3rd day of August 2022.

*/s/ Jennifer Stabe*
Jennifer Stabe
Assistant United States Attorney